Quichimbo-Caracundo v. Bondi

BIA
Drucker, IJ
A220 956 393/394/395/396/397

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand twenty-five.

PRESENT:
> DENNY CHIN,
> WILLIAM J. NARDINI,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

MARTHA CECILIA QUICHIMBO-CARACUNDO, ANGEL ORLANDO ASTUDILLO-FAJARDO, and their minor children A.J.Q-C., A.R.A-Q., and D.A.A-Q.,*

> *Petitioners*,

_____

\* We have used only initials to refer to the minor petitioners in this publicly accessible order, in accordance with Federal Rule of Civil Procedure 5.2(a)(3) and Federal Rule of Appellate Procedure 25(a)(5).

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
          *Respondent.*

_____

FOR PETITIONERS:              Nicholas J. Mundy, Brooklyn, NY.

FOR RESPONDENT:               Brian M. Boynton, Principal Deputy Assistant
                              Attorney General; Anthony C. Payne,
                              Assistant Director; Jessica D. Strokus, Trial
                              Attorney; Office of Immigration Litigation,
                              United States Department of Justice,
                              Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

DECREED that the petition for review is DENIED.

Petitioners Martha Cecilia Quichimbo-Caracundo and her husband and

minor children, natives and citizens of Ecuador, seek review of a February 29, 2024,

decision of the BIA affirming a July 7, 2022, decision of an Immigration Judge ("IJ")

denying Quichimbo-Caracundo's application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT").[1]   *In re Martha Cecilia*

---

[1] We discuss the facts of Quichimbo-Caracundo's application because the
remaining petitioners, her husband and minor children, are derivative

*Quichimbo-Caracundo, et al.*, Nos. A 220 956 393/394/395/396/397 (B.I.A. Feb. 29, 2024), *aff'g* Nos. A 220 956 393/394/395/396/397 (Immigr. Ct. N.Y.C. July 7, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, "the BIA adopts the decision of the IJ and merely supplements the IJ's decision . . . we review the decision of the IJ as supplemented by the BIA." *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). "We review the agency's factual findings" for substantial evidence and "questions of law and the application of law to fact" *de novo*. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (citation omitted). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## I.    Asylum and Withholding of Removal

To establish eligibility for asylum and withholding of removal, an "applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central

---

beneficiaries on her asylum application and did not file independent applications for relief.

3

reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022) (finding that the "one central reason" standard applicable to asylum claims also applies to withholding of removal). Even high levels of "general crime" and "random violence" in a country "cannot form a basis for petitioner's well-founded fear of persecution." *Melgar de Torres v. Reno*, 191 F. 3d 307, 313, 314 & n.3 (2d Cir. 1999). "The applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from [a protected ground]." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005).

Substantial evidence supports the agency's conclusion that Quichimbo-Caracundo failed to demonstrate a nexus to her proposed particular social group of "small business owners indebted to private creditors." [2] Certified Administrative Record ("CAR") at 83; *see also Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir. 2006) (reviewing nexus determination for substantial evidence). Quichimbo-Caracundo does not allege that she is afraid of her creditors, but of

---

[2] The agency's decisions turned on nexus, despite also stating that the proffered particular social group was not "cognizable." CAR at 4. Accordingly, we do not reach Quichimbo-Caracundo's argument that the group satisfies the immutability, particularity, and social distinction requirements for a cognizable social group.

criminal gangs.   And she did not allege that the gangs targeted her because of her status as a debtor or because of animosity toward business owners as a group, but because she was a potentially lucrative extortion victim.   *See, e.g.*, CAR at 187 (testimony that the gangs were threatening her "because they wanted more money" and "they thought I had a lot of money").   Indeed, she testified that some of the gang attacks were connected to a Peruvian man to whom she had never owed money, *see* CAR at 172–73, and that the gangs would continue to target her even if she paid her creditors: "Even if I pay, they told me they were not going to leave me alone."   CAR at 164.

The country conditions evidence is consistent with this testimony, revealing that extortion is "rife" in Ecuador, with gangs in some areas demanding "protection money" from every household and from businesses of all sizes, rather than targeting distinct groups.   CAR at 552.   Quichimbo-Caracundo thus failed to show that her membership in a particular social group of indebted small business owners was one central reason that the gang targeted her.   *See Garcia-Aranda v. Garland*, 53 F.4th 752, 758 (2d Cir. 2022) (noting that "perceived ability to pay" extortion is not a protected ground for purposes of asylum and withholding claims); *Quituizaca*, 52 F.4th at 114–16 (affirming denial of asylum and withholding

5

where evidence supported agency's finding that attacks on petitioner were motivated by "incentives presented to ordinary criminals rather than persecution" (citation to record omitted)); *In re Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985) (defining persecution as harm inflicted to "punish" a person "for possessing a belief or characteristic a persecutor sought to overcome").

For similar reasons, substantial evidence also supports the agency's conclusion that Quichimbo-Caracundo failed to demonstrate a nexus to an anti-gang or anti-corruption political opinion. She argues that the agency erred by failing to consider whether the gang targeted her because it imputed an "anti-gang, anti-corruption" political opinion to her based on her refusal to comply with its demands. Petitioner's Br. at 3. But as the BIA explained, there was insufficient evidence to support an imputed political opinion claim. [3] "[O]pposition to criminal elements such as gangs, even when such opposition incurs the enmity of these elements, does not thereby become *political* opposition simply by virtue of the gang's reaction." *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190,

---

[3] The government contends that this claim is unexhausted. We disagree; this claim is exhausted because the BIA addressed it on the merits. *See* CAR at 5; *Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 112 n.7 (2d Cir. 2008) (deeming claim not raised to the BIA exhausted because BIA addressed it).

201 (2d Cir. 2021). For anti-gang beliefs to be "political in nature, these beliefs and actions taken in support of them must have some political ambition in mind—or, for an imputed claim, must be perceived in this manner." *Id.* at 199; *see id.* at 198 (explaining that opposition to gangs might amount to political activity if the applicant sought to vindicate the rights of others, organize other victims, or publicize a widespread gang problem extending beyond her own case). But here, Quichimbo-Caracundo relies on her failure to comply with extortion demands and her requests for police protection to argue that the gang imputed a political opinion to her. She thus fails to identify how her opposition to the gang "took on a political dimension by transcending mere self-protection." *Hernandez-Chacon v. Barr*, 948 F.3d 94, 104 (2d Cir. 2020) (discussing when opposition to government corruption constitutes political opinion).

Finally, the agency denied CAT relief on the grounds that Quichimbo-Caracundo failed to demonstrate that it was more likely than not that she would suffer harm rising to the level of torture, or that such harm would be by or with the acquiescence of the government, emphasizing evidence of government efforts to curb gangs. *See* CAR at 86, 5. Quichimbo-Caracundo's brief fails to make any meaningful argument regarding her CAT claim. Her brief sets out the legal

7

standards relevant to a CAT claim, but then argues that her past harm constituted "persecution" and does not address how her past harm constituted "torture," why she is likely to suffer harm rising to the level of torture in the future, or whether the government will acquiesce to her torture by gangs. Petitioner's Br. at 26–30. Accordingly, she has abandoned her CAT claim. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in the appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)). Even if the claim were not abandoned, however, we agree with the agency that Quichimbo-Caracundo has failed to establish that she is likely to be tortured if returned to Ecuador.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court